IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| CLEAR BLUE INSURANCE COMPANY, §<br>     Plaintiff, §<br> §<br>v. §<br> §<br> §<br>NOE GONZALEZ; MARIA DE LOURDES §<br>MEDRANO GALLEGOS; BOBBY J. DAVIS; §<br>YUMYMOJICA TRUCKING, LLC; and LUIS §<br>FUENTES RIOS §<br>     Defendants §| Civil Action No. 7:23-cv-00056 |

**PLAINTIFF CLEAR BLUE INSURANCE COMPANY'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Clear Blue Insurance Company and files this its Original Complaint and would show the following:

**I.
PARTIES**

1. Plaintiff Clear Blue Insurance Company ("Clear Blue") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

2. Defendant Noe Gonzalez ("Gonzalez") is an individual resident and citizen of Texas. He may be served by serving him personally at 42 Big Valley, Odessa Texas 79763 or wherever he may be found, or through his counsel of record.

3. Defendant Maria De Lourdes Medrano Gallegos ("Gallegos") is an individual resident and citizen of Texas and may be served by serving her personally at 42 Big Valley, Odessa Texas 79763 or wherever she may be found or through her counsel of record.

4. Defendant Bobby J. Davis ("Davis") is an individual resident and citizen of Texas and may be served by serving him personally at 723 N. Poplar St., Kermit Texas 79745 or wherever he may be found or through his counsel of record.

5.  Defendant Yumymojica Trucking, LLC ("Yumymojica") is a limited liability corporation incorporated in Texas with its principal place of business in Texas. It is composed of members who are all citizens of Texas. It may be served by serving its registered agent for service EF Services, LLC, 801 Magnolia St., Kermit, Texas 79745 or by serving its Managing Member Jesus Mojica at its principal office located at 400 Rosemont St., Kermit, Texas 79745, or wherever he may be found.

6.  Defendant Luis Fuentes Rios ("Rios") is an individual resident and citizen of Texas and may be served by serving him at 828 Magnolia St., Kermit, Texas 79745 or wherever he may be found.

## II.
## VENUE AND JURISDICTION

7.  There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for two underlying injury lawsuits pending in the 109th District Court of Winkler County, Texas filed by Gonzalez, Gallegos, and Davis as Plaintiffs, against Yumymojica and Rios and each seeking over $1 Million in damages from them. As such, diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

8.  This insurance coverage lawsuit concerns underlying personal injury lawsuits filed in Winkler County, Texas state district court, which is within the geographic territory of the Western District of Texas. Additionally, the vehicular accident that is at issue in both underlying state court lawsuits occurred in this District. Additionally, all the Defendants reside in or have their principal places of business in this District.  Accordingly, venue in this judicial district pursuant to 28 U.S.C. §1391.

## III.
## FACTS

### A. The Clear Blue Insurance Policy

9    Clear Blue issued a commercial automobile liability insurance policy to Yumymojica, a motor carrier trucking company, under policy number AQ1YTX006017-00 and affording $1 Million per "accident" of liability coverage for covered accidents occurring during its policy period (the "Clear Blue Policy").

10.   The Clear Blue Policy, in Section VI. Definitions, A. defines "Accident" as follows:

> A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

11.   The Clear Blue Policy, in Section II. Covered Autos Liability Coverage, C. Limit of Insurance, states:

> **C.    Limit of Insurance**
> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Covered Autos Liability Coverage shown in the Declarations.
>
> All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

12.   The Motor Carrier Declarations page of the Clear Blue Policy, under the heading "Limit-The Most We Will Pay For Any One Accident Or Loss" states that the limit is $1,000,000.

### B. The Accident and Underlying Lawsuits

13    Shortly before 6:00 a.m. in the dark pre-dawn hours of July 2, 2022, Rios was driving a tractor-trailer rig for Yumymojica on FM 1776 near Coyanosa, Texas when, in taking

evasive action to avoid another vehicle that had crossed into his lane of travel, his tractor came to rest off of the road way with its wheels, according to the police report, "burrowed and stuck in the asphalt" but with his attached trailer positioned at a right angle to the tractor and extended across both of the two lanes of travel on FM 1776 thereby blocking oncoming traffic.

14.     At approximately 5:57 a.m., another tractor-trailer driven by Davis was southbound on FM 1776 and, upon seeing the trailer blocking the road up ahead, Davis took evasive action by veering to the right off of the pavement, missing the trailer, but resulting in Davis's tractor-trailer rolling over and resulting in injuries to Davis.

15.     Approximately three minutes later at 6:00 a.m., Gonzalez was also southbound on FM 1776 and approached the Yumymojica trailer blocking the roadway, but Gonzalez was unsuccessful in avoiding it, and collided with it resulting in injuries to Gonzalez.

16.     Gonzalez and his wife, Gallegos, filed a personal injury lawsuit seeking damages for Gonzalez's injuries and Gallegos' loss of spousal consortium related to his injuries against Yumymojica and Rios in the lawsuit styled *Noe Gonzalez and Maria De Lourdes Medrano Gallegos v. Yumymojica Trucking, LLC and Luis Fuentes Rios*, Cause No. DC22-18256 in the 109th District Court of Winkler County, Texas ("the *Gonzalez* Lawsuit").  A true and correct copy of Plaintiffs' Second Amended Petition in the *Gonzalez* Lawsuit is attached hereto as **Exhibit A**.

17.     Davis also filed a personal injury lawsuit seeking damages for his injuries against Yumymojica and Rios in the lawsuit styled *Bobby J. Davis v. Luis Fuentes Rios and Yumymojica Trucking, LLC*, Cause No. DC23,18303 in the 109th District Court of Winkler County, Texas

("the *Davis* Lawsuit"). A true and correct copy of Plaintiff's Second Amended Petition in the Davis Lawsuit is attached hereto as **Exhibit B**.

18. While the *Davis* pleading focuses on Rios' alleged negligence in causing his vehicle to leave the roadway and get stuck in the dangerous position it was in in the first place, and the *Gonzalez* pleading focuses primarily on Rios' alleged failure to give proper warnings to oncoming motorists thereafter, both the *Davis* Lawsuit pleadings and the *Gonzalez* Lawsuit pleadings allege injuries caused by the same fundamental root cause—i.e. the hazardous and dangerous condition created by the position of the stuck and stationary Rios trailer blocking the roadway in the dark.  Gonzalez 2d Am. Pet., Ex. A, paras. 4.11, 4.12, 5.2 and 6.2; Davis 2d Am. Pet., Ex. B, paras. 8.

**C.    The Disagreement Regarding Whether Only A Single $1 Million Per "Accident" Policy Limit Applies To Both the *Davis* Lawsuit and the *Gonzalez* Lawsuit, Or Instead A Separate $1 Million "Accident" Limit Applies To Each Of The Two Lawsuits**

19. Counsel for Davis in the *Davis* Lawsuit, and counsel for Gonzalez and Gallegos in the *Gonzalez* Lawsuit have each previously asserted the position, including in settlement demand letters to defense counsel for Yumymojica and Rios, that the Clear Blue Policy affords a separate $1 Million per "accident" limit of insurance coverage to each one of their two separate lawsuits because the Davis truck rollover was a separate "accident" from Gonzalez's collision with the Rios trailer a few minutes later.

20.     Clear Blue disagrees and asserts that, under the terms and provisions of its policy and Texas case law, there was only one "accident" because the injuries to both Davis and Gonzalez were caused by the same dangerous condition allegedly created by Yumymojica and Rios—the position of the Rios trailer across the highway blocking their path of travel which simply repeated itself in the course of a few short minutes on FM 1776 that morning.

21.  The disagreement between the parties regarding whether there are separate $1 Million per "accident" limits for the *Davis* Lawsuit and the *Gonzalez* Lawsuit or instead only a single $1 Million "accident" limit shared by both lawsuits presents uncertainty and a dilemma for Clear Blue in attempting to settle the two lawsuits since both lawsuits allege damages in excess of $1 Million.

22.  Therefore, there is presently a bone fide, actual and real case, controversy, and disagreement regarding the total amount of insurance coverage available under the Clear Blue Policy to settle or cover a judgment in the *Davis* and *Gonzalez* lawsuits that presently impacts the parties' ability to engage in settlement discussions.

## IV.

## REQUEST FOR DECLARATORY JUDGMENT

23.  Clear Blue incorporates by reference the preceding paragraphs in this Complaint.

24.  Clear Blue brings this declaratory judgment action under 28 U.S.C. §2201 seeking court resolution of the disagreements and uncertainties regarding the rights and obligations of the parties under the Clear Blue Policy as set out below.

### Count One

25.  Clear Blue asserts, and requests a declaratory judgment from this Court, that the Davis vehicle rollover as Davis took evasive action to avoid hitting the Rios trailer blocking the road resulting in Davis's injuries alleged in the *Davis* Lawsuit, and the Gonzalez collision with the Rios trailer a few minutes later resulting in Gonzalez's injuries alleged in *Gonzalez* Lawsuit, are each part of a single "accident" under the terms of the Clear Blue policy because the injuries alleged in both cases were caused by the same, single root, fundamental cause,

i.e. the hazardous road condition created by the Yumymojica trailer's stuck position blocking both lanes of travel to southbound vehicles encountering it on FM 1776 in the dark predawn hours, which first presented itself to Davis and then repeated itself in presenting itself to Gonzalez a few minutes later.

26. Accordingly, Clear Blue further requests a declaratory judgment that the Clear Blue Policy affords a total of $1 Million of coverage for the *Davis* Lawsuit and *Gonzalez* Lawsuit combined.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Clear Blue Insurance Company prays that the Court enter the declaratory judgments that it seeks as set out above, and that the Court award Clear Blue its costs and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ David J. Schubert*

David J. Schubert—Attorney in Charge
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF
CLEAR BLUE INSURANCE COMPANY**